**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BRANDON ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:12-cv-257-JMS-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Order Dismissing Action**

**I.**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because habeas petitioner Brandon Rogers fails to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. REF 12-06-0016, Rogers was found guilty of violating a rule at an Indiana prison by participating in a conspiracy to commit trafficking. He was sanctioned with the loss of a period of earned good time and with a demotion in time earning classification. Contending that the proceeding was constitutionally infirm, Rogers seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and Asome evidence in the record@ to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Under *Wolff* and *Hill,* Rogers received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Rogers was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Rogers' specific claim, emphasized through his filing of November 13, 2012, is that the sanction imposed on him was "outside the norm," meaning that he was sanctioned excessively. However, the severity of the sanction imposed is not ordinarily cognizable in an action such as this, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception. "The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences." *Williams v. Illinois,* 399 U.S. 235, 243 (1970); *see also Miller v. Griffin*, 2012 WL 4802019 (E.D.N.Y. Oct. 9, 2012).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Rogers to the relief he seeks. Accordingly, his petition for a writ of habeas corpus shows on its face that Rogers is not entitled to the relief he seeks and that his petition must be **denied** and the action dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Cases In the United States District Courts.*

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/02/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Brandon Rogers**
**#115685**
**Putnamville Correctional Facility**
**1946 West US Hwy. 40**
**Greencastle, IN 46135**